IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN RAY MULLINS, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00289 |
| v. | ) | |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | By: Michael F. Urbanski |
| JAIL AUTHORITY-ABINGDON, | ) | Chief United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Stephen Ray Mullins is an inmate at the Southwest Virginia Regional Jail in Abingdon. Proceeding *pro se*, he filed this action pursuant to 42 U.S.C. § 1983 and named only one defendant: Southwest Virginia Regional Jail Authority-Abingdon.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Mullins's complaint, the court concludes that the entirety of his complaint is subject to dismissal pursuant to § 1915A(b)(1).

I. PLAINTIFF'S CLAIMS

The allegations in the complaint are brief. The entirety of the factual allegations are as follows:

> I was standing along the wall on or around Feb. 22, 2021 to use the phone. I was cut by an obstruction left by the staff. Now I have a 3" scar from this. I asked if [stitches were] needed [and] I was told no and ask[ed] for a blood test that was never issued. The obstruction has not been fixed even after I showed the staff where it happened.

Compl., ECF No. 1.

II. DISCUSSION

First of all, Mullins has not stated a claim against the only defendant he has named. To the extent that Mullins is naming the Abingdon facility itself, a jail is not a "person" subject to suit under § 1983 or a legal entity. *See also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" under § 1983 and also "lacks the capacity to be sued"). Thus, Mullins cannot maintain a claim against the facility.

To the extent that Mullins is suing the Southwest Virginia Regional Jail Authority ("the Jail Authority"), he has not alleged facts sufficient to state a claim against that entity, either. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk*

*Cty. v. Dodson*, 454 U.S. 312, 326 (1981).  That is, the entity's official policy or custom must have played a part in the alleged violation of federal law.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).  Mullins has alleged no facts concerning any official policy or custom of the Jail Authority or anything to suggest that it was a "moving force" behind any deprivation.

Even if Mullins had named an individual defendant, he has failed to state a constitutional claim.  Turning first to any claim arising from the injury itself, Mullins does not allege any facts to plausibly suggest that someone intentionally left the "obstruction" there before Mullins was cut, or even that any staff member knew it was there beforehand.  His allegations state nothing more than a claim of negligence, and negligence alone cannot support an Eighth Amendment claim.  Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury.  *Daniels v. Williams,* 474 U.S. 327, 335–36 (1986) (concluding that plaintiff could not make out a Fourteenth Amendment claim based on a correctional deputy's negligent conduct in leaving a pillow on the stairs, which resulted in plaintiff slipping and being injured).  Therefore, the negligent actions of staff leaving "an obstruction" does not give rise to a claim actionable under § 1983.

As for Mullins's claim that he was not given stitches or a blood test, the court construes this as an Eighth Amendment claim for deliberate indifference to a medical need.  To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant

3

"had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 356–57 (4th Cir. 2019). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Mullins's complaint fails to allege sufficient facts to state an Eighth Amendment deliberate indifference claim. First of all, it is unlikely that a cut, even one that leaves a three-inch scar,[1] is a sufficiently serious medical condition so as to satisfy the objective element of his claim. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (affirming finding of "no serious medical needs" where pretrial detainee had cut over one eye, a quarter-inch piece of glass in palm, and was required to wait fourteen hours before being given treatment); *Shelton v. Angelone*, 148 F. Supp. 2d 670, 679 (W.D. Va. 2001) (finding that three cuts on the wrist, which were bleeding, and two sets of marks from a stun gun were not serious medical needs, even though plaintiff did not get treatment until days later and the injuries left permanent scars). Moreover, Mullins does not allege that he received no treatment for the cut (for example, he may have received bandages, wound care, etc.) It appears that he simply did not receive the additional treatment he thought he should receive—stitches and a blood test. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (reaffirming that disagreements between a prisoner and medical staff regarding what treatment is needed fall short of showing deliberate indifference). Further, Mullins does not allege that stitches or a blood test was necessary, nor does he identify any harm that resulted from not receiving that treatment.

---

[1] Mullins provides no other details about the cut, such as how deep it was, whether it was bleeding at the time he requested treatment, or what was observed by anyone when he asked for treatment.

4

Mullins also has failed to state facts to plausibly allege that any individual was deliberately indifferent. Aa noted, he does not even identify any specific person that he asked for such treatment, as he must to state a claim. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability under § 1983 is "personal, based upon each defendant's own constitutional violations") (internal citation omitted); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Mullins also fails to allege any facts to show that whoever he may have asked for treatment exhibited deliberate indifference. "Subjective recklessness," as required by the second element of an Eighth Amendment medical claim, "requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Moreover, to state a constitutional claim, the defendant's conduct must have been "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Milter v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mullins presents no facts to satisfy this element of his claim, either.

For all of these reasons, the court concludes that the allegations pled by Mullins do not state an Eighth Amendment claim.

Lastly, to the extent that any of Mullins's claims can be interpreted as state law tort claims, the court declines to exercise jurisdiction over them in light of the dismissal of his federal claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Mullins's federal claims pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim for which relief may be granted. Any state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate order will be entered.

It is so **ORDERED**.

Entered: May 28, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.05.28 00:28:54 -04'00'

Michael F. Urbanski
Chief United States District Judge